UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL
BANK,

           Plaintiff,

   v.                                 Case No. 13-CV-12694
                                      HON. GEORGE CARAM STEEH

AFR ENTERPRISES, INC., a
Michigan corporation; SASA
DEVELOPMENT, LLC, a Michigan
limited liability company; DAMAN
HOLDINGS, LLC, a Michigan limited
liability company, et al.; A & T REAL
ESTATE, LLC, a Michigan limited
liability company; MOSTAFA M. AFR,
an individual; PHOENIX STEEL
ERECTORS, LLC, a Michigan limited
liability company; LANDMARK
CONTRACTING COMPANY, a Michigan
corporation; ASMAR CONSTRUCTION
COMPANY, INC., a Michigan corporation;
THYSSENKRUPP ELEVATOR CORP., a
foreign corporation; LAD ELECTRIC CO.,
a Michigan corporation; ATA HOLDINGS,
LLC, a Michigan limited liability company;
QUALITY FIREWOOD & SUPPLY, a
Michigan corporation; IBRAHIM
AL-HOURANI, an individual, and
THE AFR FOUNDATION, a Michigan
nonprofit corporation,

           Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART PLAINTIFF'S MOTION TO APPOINT RECEIVER (DOC. # 26)

Plaintiff Huntington Bank, as assignee of certain mortgages taken by defendants Afr

Enterprises, Inc. ("Enterprises"), Sasa Development, LLC ("Sasa"), Daman Holdings, LLC

-1-

("Daman"), A & T Real Estate, LLC ("A & T") (all of these appear to be Afr entities); and individual Mostafa Afr on various parcels of real property, brought this action claiming breach of mortgage contract and for judicial foreclosure. An amended complaint was filed on January 24, 2014. Answers to the amended complaint have been filed by Afr Enterprises, Sasa Development, A & T Real Estate, and Mostafa Afr (the "Afr defendants"), as well as Asmar Construction Co. Now before the court is plaintiff's motion to appoint a receiver. Both the Afr defendants and Asmar Construction Co. have filed their opposition to the motion.

The mortgaged parcels include two parcels at 26400 and 26460 Telegraph Road in Southfield, Michigan, mortgaged by defendant Sasa; one parcel at 15401 Warren in Dearborn, Michigan mortgaged by defendant Daman; parcel(s) at 5927-5929 Schaefer in Dearborn, Michigan, mortgaged by defendant Daman; one parcel at 12922 W. Warren in Dearborn, Michigan, mortgaged by defendant Daman; one parcel with a medium-sized office building at 24681 Northwestern Highway in Southfield, Michigan, mortgaged by defendant A & T; parcels at 10140 and 10150 West Nine Mile Road in Oak Park, Michigan, mortgaged by Mostafa Afr and the Afr Foundation; and multiple vacant and partially improved parcels in St. Clair County, Michigan (totaling over 250 acres with an partially constructed hockey arena).

Plaintiff now moves for the appointment of a receiver over all of this real property, asserting defendants have stopped making payments on their loans, have failed to pay real property taxes on the parcels (in fact, plaintiff asserts that at least one of these properties will be going up for tax sale this year), and agreed in their mortgage documents to the appointment of a receiver under these circumstances. Plaintiff further contends this is

appropriate under Fed. R. Civ. P. 66 because the value of the properties does not secure the debt owed by defendants to plaintiff; defendants are either insolvent or nearly so, and an execution for deficiency following foreclosure would be "unavailing." Finally, plaintiff argues it has a high likelihood of success on the merits, and asserts the appointment of a receiver would minimize both further deterioration of the property and harm suffered by plaintiff.

A decision on a request for appointment of a receiver is a matter of judicial discretion. Guy v. Citizens Fidelity Bank & Trust Co., 429 F.2d 828, 833-34 (6th Cir. 1970). In Federal Nat. Mortg. Ass'n v. Maple Creek Gardens, LLC, 201 WL 374033 (E.D. Mich. 2010), the district court found that where the defendant had agreed, in the mortgage document, to the appointment of a receiver upon defendant's default, that agreement was sufficient to establish that the plaintiff is entitled to the appointment. Additional factors commonly considered are the adequacy of the security and the financial position of the mortgagor, Id. at *3, and also

- fraudulent conduct by defendant;
- imminent danger of property being lost, concealed, injured, diminished or squandered;
- inadequacy of legal remedies;
- whether harm to plaintiff without appointment outweighs injury to opposing parties;
- possibility of irreparable injury to plaintiff;
- whether plaintiff's interests will be served by receivership

See, e.g. Resolution Trust Corp. v. Fountain Circle Assoc. Ltd. Partnership, 799 F.Supp. 48, 51 (N.D. Ohio 1992).

In this case, plaintiff argues first that each of the mortgages involved in this case included a contractual promise by the applicable defendant that plaintiff would be entitled to the appointment of a receiver in the event of a default in the terms of the notes or

-3-

mortgages. This is not disputed by defendants. Defendants argue, in opposition to the motion, simply that:

> For the reasons set forth below and per the accompanying memorandum, this Court should not appoint a receiver over the Afr Defendants' property. For instance, the extraordinary remedy of appointing a receiver, a court officer, is not necessary as Huntington National Bank has legal remedies to protect its position. It can pursue its judicial foreclosure claim, it may file a motion for summary judgment, it may pay any unpaid real estate taxes as a protective advance, it may exercise an assignment of rents to the extent it contractually bargained for such remedy, etc. There is no threat of losing any of the Afr Defendants' property at a tax foreclosure, Dr. Afr has not fled to Egypt, there has been no evidence of mismanagement or a decline in the collateral value. The fact that properties are underwater is common in Michigan, if it constituted grounds for appointment of a receiver, the extraordinary remedy of appointment of a receiver would be turned on its head.

Response at 2.

Defendant Asmar Construction Co., in opposition to the motion, asserts that it has a prior lien to that of plaintiff. Asmar states that it recorded a construction lien on some of the St. Clair County property on January 17, 2001 (following which, it states, foreclosure proceedings were initiated, and ultimately an arbitrator issued an award in favor of Asmar, recorded with the St. Clair County Register of Deeds on March 10, 2011). Asmar also asserts that the receivership represents unnecessary expense to the estate. Plaintiff asserts in reply that Asmar could not establish priority over its mortgage because it never filed an action for the enforcement of its lien within one year of recording the lien as required under the Michigan Construction Lien Act, Mich. Comp. Laws § 570.1101. Asmar refers to such an action, but apparently the action was not pursued by Asmar–rather, Asmar was only a defendant or cross-defendant in those cases.

-4-

At this point in the litigation, as clarified by oral argument on this motion, the court is sufficiently persuaded of the potential benefit of a receiver for the property located at 24681 Northwestern Highway in Southfield, Michigan. Plaintiff has described and provided evidence concerning numerous problems with the management of that property, which appears to be the most valuable in the Afr portfolio. For instance, the occupancy rate appears to be low, payments on utilities, insurance, and taxes appear to be in arrears, and maintenance of the physical plant is at issue, placing the property and its ability to generate revenue at serious risk. The court is convinced that the factors set forth above weigh in favor of a receiver for the Northwestern Highway property, and that without the appointment of a receiver the potential for continued decline of the property is likely.

Concerning the remaining properties identified in the amended complaint, the court is not convinced at this time that a receiver would be of any real benefit. If circumstances change in any significant respect, the motion may be refiled as necessary. The motion will thus be GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED**.

Dated: April 16, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 16, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk